NEW-YORK,
May, 1815.

WYNKOOP
v.
BURGER.

Where a right of way is granted, without any designation of the place in the deed, it becomes located by usage for a length of time.

And being so located, it cannot afterwards be changed by the grantor.

But if changed and the grantee has, for a length of time, used the new road, his acquiescence in the alteration will be presumed.

The grantee of the right of way must keep the road in repair.

## WYNKOOP against BURGER.

IN ERROR from the court of common pleas for the county of *Greene.*

*Burger,* the plaintiff in the court below, brought an action on the case against *Wynkoop,* the defendant below, to recover damages for an alleged obstruction of a right of way, claimed by *Burger* over the lands of *Wynkoop,* in which he recovered a verdict of thirty dollars with costs. A bill of exceptions was taken by the defendant below, and a writ of error brought. The counsel for the parties agreed to make a case, instead of a return to the writ of error.

The *locus in quo* is part of a tract of land, formerly held in common by *Philip Spann,* (whose portion *Wynkoop* had purchased,) *Johannes Burger,* (to whose rights the plaintiff below succeeded,) and *Paulus Smith;* who, in 1762, made partition of the same, and executed mutual releases. In the release to *Johannes Burger* was the following grant of a right of way;

" Together with full and free liberty, to and for the said *Johannes Burger,* his heirs and assigns, to land goods, store wood, and to have a *canoe* at a place called the *canoe place,* part of lot No. 5, of the present division, (which fell in the allotment to *Spann,* under whom *Wynkoop* claimed,) and also full liberty of passing and repassing at all times into, through, and out of the said lot No. 5, as well to and from the same *canoe place* as to lots No. 4 and 7 of the same division, (which fell to *Johannes Burger,*) with horses, wagons, and other carriages."

It appeared from the case, that about twenty-seven years ago, the road to the *canoe place* from *Burger's* house, ran somewhat differently from what it had before done, and that about three years ago, *Wynkoop* made an alteration in the road, at a point marked B, in the map annexed to the case, by which the distance was a little extended.

When *Wynkoop* came into possession, about eighteen years ago, a small part of the road near the *canoe place,* at a point marked C in the map, was obstructed by trees fallen across it, and another road to the *canoe place* was used, by consent, at a place marked F, until ten years ago, when the plaintiff cleared

away the fallen trees from the road at C, and three or four years ago made a fence across the road at F.

The case was submitted to the court without argument.

*Per Curiam,* The judgment of the court below must be affirmed. The right of way is established by grant; and there is, of course, no necessity for presuming a grant, from the long acquiescence in the use of the way. The grant does not designate the precise place; but the length of time the way has been used in a particular place shows the location by the acts and acquiescence of the parties. It would be extremely unjust to allow the plaintiff in error, to be changing this road whenever he pleased. As it is a private way for the accommodation of the defendant in error, it must be kept in repair at his own expense. With respect to the alteration, at the place called the *canoe place,* it is fairly to be intended, that it was done by the consent of the defendant in error, as it has been used by him, since it was altered, for such length of time as to show an acquiescence in the alteration. But it is not so with respect to the alteration made at the corner, designated upon the map produced to the court, by the letter B : and this alteration is evidently injurious to the defendant in error, as it increases the distance of travelling, in a small degree. Whether the damages recovered do not exceed the injury, is a question which we cannot notice here.

Judgment affirmed.