## HAMILTON *vs.* WHITE and others.

Under a plea of right of way, in an action of trespass *quàre clausum fregit*, the defendant is at liberty to prove a right of way in himself, either by producing deeds to show it, or by parol evidence of twenty years' uninterrupted use, adverse or in hostility to, the owner of the land, from which a grant may be inferred.

And a defendant, after having undertaken to prove an express grant or reservation of a way, by deed, may prove one by prescription. He is not bound to elect his mode of proof, and to abide by such election.

It is competent for the owner of land and a person having a right of way over it, to change the route or location of the way, by mutual consent or agreement between them. And when the location has been changed, and a dispute arises, it will be for a jury to determine whether the change was made by agreement, and for the purpose of substituting a new way for the old, of the same permanent character; or whether the change was made, not in pursuance of any agreement, but for some temporary purpose; and, if the new way has been used by the party having the easement, whether the use thereof was a matter of right, or a mere matter of favor, revocable at the pleasure of the owner of the soil.

In the latter case the party using the new way would be a trespasser, if he should continue to use it after having been forbidden to do so; and the only remedy for him would be to go back to his original right, and seek to have the old road restored to him.

But this doctrine is not applicable where there has been an actual change of location by mutual consent, and such change was intended to be substitutional and permanent.

ERROR to the common pleas of Queens county, in trespass *quare clausum fregit*. Verdict for the defendants. The facts sufficiently appear in the opinion of the court.

*W. J. Cogswell*, for the plaintiff.

*P. Potter*, for the defendants.

*By the Court*, McCoun, P. J. The verdict finds the defendants' plea to be true, viz. that they have a right of way where they filled up and crossed the plaintiff's ditch, which was the trespass complained of. The verdict will not be disturbed un-

Hamilton *v.* White.

less some principle of law, or rule of evidence, has been violated, in a point material to the case, and which was calculated to mislead the jury. Under their plea, the defendants were at liberty to prove a right of way in them by producing deeds to show it, or by parol evidence of twenty years' uninterrupted use, adverse or in hostility to the owner of the land, from which a grant might be inferred; for a right by prescription supposes a grant to have been originally made of the way. They were not restricted to either mode of proof, but might resort to both. or either, to sustain their plea, as they best could. It was not a well founded objection, therefore, which was taken on the trial, that the defendants having undertaken to prove an ex press grant or reservation of a way, by deed, were not at liberty to prove one by prescription; or that they were bound to elect their mode of proof and to abide by such election. The defendants certainly failed to prove a right of way in the *locus in quo*, by any of the deeds given in evidence. The deeds refer to rights of way in the owners of wood lots Nos. 1, 2, 3, 4, 5 and 6, on the diagram, to pass along the hay road, so called, and in the defendants as owners of lot No. 4, to pass over lots 1, 2 and 3, to and from the hay road; and also in the owners of lots 5 and 6, to pass in like manner over lots 1, 2, 3 and 4. And it is likewise shown by one of the more ancient deeds, that a right was reserved to persons owning meadows south of the farm now belonging to the plaintiff to pass and repass over the hay road, but none of the rights expressly granted or reserved, include the right of way set up in the plea. The defendants then went into evidence of a prescriptive right of way over the plaintiff's lands other than those mentioned in the deeds. The testimony of user was sufficient to warrant the jury in finding that such a right existed over what is called "old road" on the diagram. It had been used by the defendants, and by others, for such a length of time and in such a manner as to give it the character almost of a common highway, until the plaintiff, some ten or twelve years previous to 1844, shut it up and put a stop to the travel over it. At the same time, for his own convenience or accommodation, the plaintiff made a new passage way or road

---

Hamilton *v.* White.

---

leading across a ditch on his own land, over which he constructed a bridge, and thence running out to the hay road, so called. On this being done, the defendants commenced using the new way instead of the old road, and continued to use it until some time in June, 1844, when the plaintiff took away the bridge; thereby intending to render the road impassable, with a view of putting a stop to the defendants' further use of it: whereupon the defendants, in order to be able to pass, filled up the ditch with earth, which is the trespass complained of.

A question is now presented (and it is the principal question in the cause) whether by the act of the plaintiff in changing the road, and the defendants' acquiescence in the change, as is shown by their use of the new and substituted road for the space of ten or twelve years, their prescriptive right of way attached to the new road and continued with them?

It is certainly competent for the owner of land and the person having a right of way over it, to change the route or location of the way by mutual consent or agreement between them. And when the location has been changed and a dispute arises, it will be for a jury to determine whether the change was made by agreement and for the purpose of substituting a new way for the old, of the same permanent character; or whether the change was made not in pursuance of any agreement, but for some temporary purpose; and if the new way has been used by the party having the easement, whether the use thereof was a matter of right or a mere matter of favor, revocable at the pleasure of the owner of the soil. In the latter case the party using it would be a trespasser, if he should continue to use it after having been forbidden to do so; and the only remedy for him would be to go back to his original right, and seek to have the old road restored to him. This was held to be the law in *Reynolds* v. *Edwards*, ( *Willes' Rep.* 282.) But the doctrine of that case is not applicable where there has been an actual change of location by mutual consent, and such change was intended to be substitutional and permanent.

In *Wynkoop* v. *Burger*, (12 *John. Rep.* 222,) the action was for obstructing the plaintiff's way over lands of the defendant.

Hamilton *v.* White.

The right of way was proved by the production of an ancient deed, in which it was expressly granted.   The deed did not designate the precise place where it was to run, but the court held that the length of time the way had been used in a particular place, was sufficient to fix the location by the acts and acquiescence of the parties ; and being so located, it could not afterwards be changed by the grantor, whenever and as he pleased; but the defendant (holding under the grantor) having changed the location of a particular part of the road, and the plaintiff having continued to use it as altered, the court said it was " fairly to be intended that the alteration was made by the consent of the plaintiff, as it had been used by him since it was altered for such length of time as to show an acquiescence in the alteration."   On the trial of the cause in hand, in the court below, the judge instructed the jury, that if they believed the plaintiff had changed the old road for his convenience, which change had been acquiesced in by the defendants, they (the defendants) would have a right to repair the new road so as to make it passable, with as little damage to the owner of the fee as possible.   This was virtually submitting to them the question, whether there had been a change by consent, with a view to a continuation of the right of way in a new place, within the rule laid down in *Wynkoop* v. *Burger*.   The court was authorized so to charge the jury. · There were circumstances to warrant it, and the finding of the jury is conclusive on the point.   A number of other exceptions were taken on the trial, but they are either not material and could have had no influence on the verdict, or have been resolved into the one leading question now considered.   It it therefore unnecessary to examine them in detail.

The judgment must be affirmed.