PATRICK CANNY *vs.* ADELINE ANDREWS.

Suffolk. March 28. — Sept. 19, 1877. AMES & LORD, JJ., absent.

A city, for the purpose of widening a street, purchased a lot of land with a building thereon, which had by prescription an easement in a chimney standing on an adjoining lot of land, took down the building, appropriated the greater part of the land to the widening of the street, allowed the rest of the land to lie vacant for six years, and then conveyed it by deed of quitclaim. *Held*, that the easement in the chimney was lost by abandonment, and did not pass to the grantee.

BILL IN EQUITY, filed December 27, 1876, to restrain the defendant from removing a chimney in which the plaintiff claimed certain easements. Upon the filing of the bill, a temporary injunction was granted. At the hearing, before *Colt*, J., the following facts were admitted by the parties:

About a hundred years ago, a block of three houses was erected on the corner of Clark Street and Hanover Street, in Boston. On September 13, 1869, the city of Boston passed an order authorizing the widening of Hanover Street, and, in pursuance of said order, purchased by deed of warranty, from Nancy Pierce, the corner lot of the block, with the building thereon, which fronted on Clark Street twenty-nine and one-half feet, and on Hanover Street seventy-two feet. On May 10, 1870, the city of Boston sold the building on the corner lot to George W. Gerrish, who proceeded at once to tear down the building, and removed all the materials constituting the same. After the sale and removal, the city of Boston appropriated to the widening of Hanover Street a strip of said corner lot of land, twenty-four feet and nine inches wide, and filled up the cellar formerly under

the building. The removal of the building was necessary from the widening of the street. On December 26, 1876, the city of Boston sold by public auction the remaining part of the corner lot, without any building thereon, to the plaintiff, and deli~ered to him a quitclaim deed thereof on the same day, and he has since been in possession thereof. The defendant is seised of the lot and house adjoining the plaintiff's land. Before the removal of the building by Gerrish, there was no wall between the two buildings, and they were a mutual protection to each other, beams running lengthwise between the two buildings supporting the floor timbers of both houses. The beams projected, and still project, over the line of the plaintiff's estate six inches at the Clark Street end, but inclined entirely under the defendant's building at the rear end. There is a chimney covering thirty six square feet of land standing wholly in and belonging to the land of the defendant, in which there were fireplaces, and closets adjacent to the fireplaces, opening into each floor of the building removed. An easement by prescription existed to the use of the fireplaces, closets, and beams supporting the floor timbers, which now exists, unless terminated by the destruction of the building. Upon the removal of the building by Gerrish, the side of the defendant's building was laid open and left unprotected from the elements, and in such a condition that the beams and rafters which supported the floorings and roof of the defendant's building were uncovered, and the plaster and lathing, which had been the only partition between the buildings, were exposed to view, and were the only protection of the defendant's building from the inclemency of the weather. The building became untenantable, and, for its proper use and enjoyment, it became necessary to erect a suitable outside wall on the side of her building next adjoining the plaintiff's land. The defendant began to tear down the chimney and build a wall, when she was restrained by injunction.

The plaintiff contended that he had the right to rebuild on the remaining strip of land, and again use the fireplaces, closets, and beams for the support of floor timbers.

The defendant contended that the easements were coextensive with the existence of the buildings, and ended with the necessity which created them; and that, the city of Boston having caused

the dominant tenement to be destroyed, the easements were extinguished by operation of law, and that its grantee was therefore estopped from asserting any easements therein.

The judge reserved the case for the consideration of the full court.

*C. F. Donnelly*, for the plaintiff.

*C. D. Adams*, for the defendant.

SOULE, J. The easement which the plaintiff claims was not gained by deed, but by the continuous use and enjoyment of the chimney of the defendant by the owners of the house which formerly stood in part on the premises now owned by the plaintiff. The city of Boston, the plaintiff's grantor, on May 10, 1870, sold this house as personal property, and caused it to be destroyed, not because it was falling to decay and was unsafe, but because the city wished to appropriate the greater part — about five sixths — of the land on which it stood to the widening of Hanover Street. The cellar which had been under the house was filled up, and the street was widened, as intended. This having been done, the city continued to own that part of the land not included in the street, until December 26, 1876, without erecting any building thereon. The destruction of the house by the city left the house of the defendant open and exposed to the weather, so that the erection of a wall was necessary to its safe occupation. In order to build such wall, the defendant began to destroy the chimney, but was stopped by an injunction granted in favor of the plaintiff.

It is well settled that an easement gained by prescription may be lost by abandonment, and that such abandonment may be shown by a cesser to use for even a short period, accompanied by acts of the owner of the dominant estate indicating an intention to abandon the right. *Dyer* v. *Sanford*, 9 Met. 395. *Pope* . *Devereux*, 5 Gray, 409. *The Queen* v. *Chorley*, 12 Q. B. 515. *Moore* v. *Rawson*, 3 B. & C. 332.

The unavoidable inference, from the acts of the city in respect to the matter, is that, when it removed the house and converted the larger part of the lot of land on which it had stood into a street, it abandoned all right to use the chimney of the defendant. This purpose is made still more clear by the fact that the remaining part of the lot was permitted to lie vacant during a

series of years. The easement, therefore, was extinguished by operation of law, while the premises were owned by the city, and did not pass to the plaintiff, as appurtenant to the land, by the quitclaim deed under which he holds. The defendant, in taking down the chimney and building a wall to protect her house, rendered unfit for occupation by the act of the city, the plaintiff's grantor, was exercising a right of ownership in a proper manner, and was not invading any right of the plaintiff.

*Bill dismissed.*