## CHARLES L. STEERE *vs.* JAMES TIFFANY.

An easement may be lost by cesser of use for twenty years, or by renunciation or abandonment as shown by decisive acts.

Hence, when a way had been laid out for the common use of lots bounded on it, and A., the owner of one of these lots, had appropriated to his own use the part of the way opposite his lot :

*Held*, that A. had abandoned his easement in the way, and could not maintain an action against the owner of another of the lots for obstructing a portion of the way.

The character of an easement created by implication or estoppel is determined by the circumstances in which the easement was created.

Hence, when it was clear that a way was to be used in common as a whole, and a part of it was appropriated by an owner of one of the dominant tenements:

*Held*, that the act of appropriation was an abandonment by such owner of his easement in the whole way.

Lines *a, b, c, d,* show the original lay-out of the way in question.
Lines *e, f, g, h,* show the position of Summer Street.
Lot 13 is the plaintiff's estate.
Lot 5 is the defendant's estate.
Lines *i, k, l,* show the land in dispute.

TRESPASS ON THE CASE. Heard by the court, jury trial being waived.

This action was trespass on the case for obstructing a right of way over the small triangle of land marked i, k, l, on the accompanying plat. The plaintiff and the defendant both derived title from the same proprietor, and their lots extended by the descriptions of their deeds to the middle line of the way b, a, c, d, the way being laid out and platted for the common use of all the lot owners on the plat. After all the platted lots had been sold, the city of Providence laid out the area enclosed by the lines f, e, h, g, as a public highway, called Summer Street. Subsequently the owner of lot No. 5 obstructed the triangle marked l, i, k, and the owner of lot No. 13 thereupon brought this action.

*February* 4, 1882. DURFEE, C. J. The only defence set up by the defendant is, that the way which he is sued for obstructing had been lost before obstruction by renunciation or abandonment. It is well settled that an easement may be so lost, though where the only proof of it is cesser of use, the cesser of use must have continued for at least twenty years. Where, however, there is other proof showing clearly an intent to renounce or abandon, the easement may be lost in a much briefer time. Thus where A. had an easement of light in the land of B., enjoyed by means of a window opening in an ancient wall of his house, which he pulled down and rebuilt without the window, it was held, after seventeen years, B. meanwhile having built so as to intercept the light, that the easement had been abandoned and lost. *Moore* v. *Rawson,* 3 B. & C. 332. See, also, *Liggins* v. *Inge,* 7 Bing. 682; *Pope* v. *Devereaux,* 5 Gray, 409; *Canny* v. *Andrews,* 123 Mass. 155. It is not, it has been said, so much the duration of the cesser as the nature of the act done by the owner of the easement, or of the adverse act acquiesced in, and the intention which the one or the other indicates, that is material. *Regina* v. *Chorley,* 12 Q. B. 515, 519. Where A., having a way leading from his house and barn on his own land to the highway over the land of B., removed house and barn, ploughed and planted the land, and fenced up the end of the way, it was held, twelve years after the removal of the house, that the way had been renounced and lost. *Crain* v. *Fox,* 16 Barb. S. C. 184. The case of *Corning* v. *Gould,* 16 Wend.

531, is still more like the case at bar. There the parties owned adjoining lots, with a private way for their common use along the dividing line, which was the centre of the way. The plaintiff, four or five years before suit, built a house on his lot which encroached on the way, and then run a fence through the centre, thus taking half to himself and leaving the other half to the adjoining owner, who sold to the defendant. The defendant proceeded to occupy a part of his half with a house. The court held that the way had become extinct, the acts of both parties being incompatible with its continuance. In *Dyer* v. *Sanford*, 9 Met. 395, Chief Justice Shaw declared that, to prove an abandonment, it was only necessary to show that the acts relied on were done by the owner in fee of the dominant tenement, and were of such a character as to show decisively an intent to abandon. And see *Taylor* v. *Hampton*, 4 McCord, 96 ; 3 Kent Comment. 352 ; Washburn on Easements and Servitutes, *542–*549.

In the case at bar the way, considered as a private way, was created for the common use of the owners, whose opposite lots met in the centre of it subject to the easement. After the layout of Summer Street diagonally across the way, the plaintiff or his predecessor in title took exclusive possession of the half in front of his lot by moving his house forward. His next neighbor did likewise. The owner of the lot on which was the gangway leading from the way to Broad Street closed the gangway. These acts were all done without objection. The result is that the way as originally established has practically ceased to exist ; and when the defendant, following the plaintiff's example, took possession of the small bit of the way lying between the plaintiff's lot and Summer Street, he thereby unmistakably signified his consent to its destruction. The plaintiff, in suing him, is suing for an obstruction, not of the way as created, but of a mere bit of it, which is convenient for his individual use, but which, partly in consequence of his own acts, is no longer capable of being used as originally intended. Can he maintain his action ? We think not. The way, if it ever existed as a private way, so existed by implication or estoppel, not by express grant. To ascertain its character, therefore, we must look to the circumstances of its creation, and doing so, we think it is manifest that the way was intended to

exist as a whole, and not in halves, and that consequently to take away either half is to destroy it, and the party taking must be held to have renounced or abandoned his right in the other half. The case in this aspect is almost identical with *Corning* v. *Gould*, of which the court, in *Crain* v. *Fox*, remarks, that the fence erected in the centre of the way was an unequivocal act of renunciation, for the plain reason that the use of the way in common was rendered impossible by it. We do not see how it is possible for us to hold in the case at bar that the defendant is liable, without also holding implicitly that the way as originally established still exists, and that the plaintiff is liable likewise for obstructing it. This result, however, the plaintiff disavows, and his disavowal must be taken conclusively against him as a renunciation of the easement.

The plaintiff has access to the public street otherwise than over the defendant's land, and it is therefore unnecessary to inquire if he could, in the circumstances, maintain his action if he were claiming the way as a way of necessity. We give the defendant judgment for costs.                          *Judgment for defendant.*

*Charles H. Parkhurst & Charles L. Steere*, for plaintiff.
*Perce & Hallett*, for defendant.