SUSAN F. McGUIRE & another *vs.* ANNE DEVLIN & others.

Suffolk.    December 9, 1892. — January 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Equity — Trust — Parties — Statute of Limitations — Laches.*

A testator left a widow and several minor children, and by his will, which was admitted to probate, gave, besides other bequests, legacies to his two daughters, and the bulk of his property to the widow in trust for the benefit of his children, to be applied in her discretion. The widow never acted as trustee under the will, and the provisions of the will were never executed. The testator also left a profitable business, which was carried on by the widow, with the assistance of her children, and which increased largely in value. The widow and the children lived together as one family until the children came of age and married, and they assisted her in the work of the house as well as in the business. She was recognized by the children as the head of the household and of the business, and she had the possession, control, and management, with the assent of the children, of all the property left by her husband, and of its increase. There was never any express agreement as to wages, board, or clothing, but all were supported from the proceeds of the business until marriage or death. No account was kept of earnings or services, and no charges were made or credits given, and no books of the business were kept. The two daughters married, each receiving a certain sum upon her marriage, and they continued to render services in the house and in the business after their marriage. Within six years after such services were rendered, the two daughters brought a bill in equity against their mother and brothers to recover their share of the fund. The case was referred to a master, who found that the plaintiffs were entitled to recover a certain sum for their services, their shares of a deceased sister's legacy, which had

not been separated from the estate, and their own legacies. It was also found that the services of the plaintiffs were rendered upon the understanding, which was common to the plaintiffs and to the defendant, their mother, that the plaintiffs should derive pecuniary benefit from the successful prosecution of the business, and that all were to work together. The understanding did not go so far as to fix the terms or the extent of the benefit they were to receive, but this was left very much to the mother, who took and held the property, but she had not the discretion or right to refuse to allow a reasonable share or sum to the plaintiffs, to be determined in view of the result of the business; and she did not repudiate this understanding, or her obligations under it, until within six years prior to the institution of this suit. *Held*, that the mother was a trustee; that the plaintiffs were entitled to recover the sums found by the master; that the defendants other than the mother were properly made parties defendant; and that the defences of the statute of limitations and of laches were not open.

BARKER, J.   The case reported for our determination may be thus stated.   The plaintiffs are children of Anne Devlin, one of the defendants, and of James Devlin, her husband, who died in 1865.   The other defendants are, with the plaintiffs, all the children of Anne and James who now remain alive.   James was engaged in a profitable business at the time of his death.   He then had nine children, all of whom were minors, except the plaintiff Susan F.   He left a considerable amount of property, gained by his business, and it was for the interest of his family that the business should be continued.

He died testate, appointing two persons not members of his family as executors of his will.   The will was admitted to probate in January, 1866, but has never been executed in any part. It appointed his wife, Anne, guardian of his minor children, but she has never acted as their legal guardian.   The will gave to his wife his household furniture, and the use of certain rooms in his dwelling-house for her life, and gave small money legacies to his daughters, and the use of certain rooms to his sons, but disposed of the bulk of his property by giving it to his wife in trust, to use and apply it for the maintenance, education, and benefit of his minor children, in such manner and proportions to each as she might deem best, and with power to distribute it among his children as she might deem best by her last will. The widow has never acted as trustee under the will, and while the will has never been executed, none of the heirs have requested the executors to proceed under it, and there has been no agreement to abrogate it.

After James Devlin's death, his widow and children all lived

in his dwelling-house as one family until the children came of age and married, the mother being recognized as the head of the family by all the children; and until this suit was brought she had the possession, control, and management, with the assent of all the children, of all the property left by her husband, and of its increase. The business, a periodical stand in the Providence Railroad station in Boston, was carried on by the family; all the children as soon as they were old enough, and until they married or died, helping in and about the store and house, under the direction of the mother, who was the head of the household and of the business. There was never any express agreement as to wages, board, or clothing, but all were supported from the proceeds of the business until marriage or death. No account was kept of earnings or services, and no charges were made or credits given, and no books of the business were kept. The plaintiff, Susan F. McGuire, was married in May, 1874. In her father's lifetime she had charge of the store, and she continued to work at the store and at the house until her marriage, and after her marriage she worked more or less every year until 1884. When she was married, she received from the family about $1,600, but she had previously earned a like sum by singing, which had gone into the common fund.

Elizabeth J. McKenna, the other plaintiff, worked mostly at the house until the marriage of Susan in 1874, and then mostly at the store until 1877, and from this time until the death of an invalid sister in 1880 mostly at the house. Each of the plaintiffs had, therefore, performed work within six years before the commencement of the suit, which was on November, 25, 1885. At her marriage in 1875, Elizabeth had also received in effect the sum of one thousand dollars. Deducting the sums severally received at their marriages, the master fixes the value of the services rendered by the plaintiffs, without interest and with some deductions for special expenses, at the sum of $4,450 for the plaintiff Susan, and $1,975 for the plaintiff Elizabeth.

Mary Ann Devlin, a sister of the plaintiffs, died in 1870. Her father's will gave her a legacy of $500, which was never paid to her or separated from the estate. At her death, each of these plaintiffs was entitled, under the statute of distribution, to

one ninth of her personal estate, and on this account the master adds the sum of $106 to the amount which he reports due to each of the plaintiffs.  Susan was herself given a legacy of $500, and Elizabeth one of $300, in the will of James Devlin, and the master reports that each is also entitled to recover the amount of her legacy with interest from the time of probate of the will, making on this account for Susan $1,095, and for Elizabeth $657 ; so that by the report of the master there was due to Susan in all, at the commencement of this suit, $5,651, and to Elizabeth $2,738, to be recovered by them of their mother.  There is no claim that the plaintiffs have any right to recover of the other defendants, who are made parties simply that, being interested in this fund, they may have an opportunity to protect their own interests therein.

The bill charges that the plaintiffs gave their time, services, and money upon the promise that they should receive their proportion of the property and of its accumulations, and it is now found as a fact in the cause that the services of the plaintiffs were rendered upon the understanding which was common to them and to the defendant Anne Devlin, that the plaintiffs should derive pecuniary benefit from the successful prosecution of the business, and that all were to work together.  The understanding did not go so far as to fix the terms or the extent of the benefit they were to receive, but this was left very much to the defendant Anne Devlin, who took and held the property ; but she had not the discretion or right to refuse to allow a reasonable share or sum to the plaintiffs, to be determined in view of the result of the business, and she did not repudiate this understanding or her obligations under it till within six years prior to the institution of this suit.

At the hearing, the justice found and ruled that the plaintiffs were entitled to recover the amount found by the master, and, at the request of the defendants, reported the case for the consideration of the full court, such decree to be entered as equity may require.

1. There can be no question that the defendant Anne Devlin stood in the relation of a trustee for her children and herself to the property which was partly acquired by her husband, and in part the result of the services of the family after his death.

But very little of it was ever her own, to do with as she chose, and the fair result of the position in which she found herself at her husband's death, and of the understanding upon which the plaintiffs and her other children contributed their services and allowed her to have possession of the property of the whole family, was that she was a trustee for all.  Upon her repudiation of this understanding and of her obligations under it, the plaintiffs became entitled to maintain a bill against her to enforce their rights in the trust, and to recover their fair shares ; and the other defendants, being also interested in the same fund, were properly made defendants.  There is, therefore, no want of equity, and no misjoinder of parties.  The defendants contend that the case is merely an aggregation of actions at law brought by two plaintiffs who have no joint interest.  But, to do this, it is necessary for them to treat as specific demands or causes of action matters which are relied on by the plaintiffs only as showing in some measure what is the fair share of the trust fund to which the plaintiffs are entitled.  The amount of services rendered by each, the amount of their legacies given by their father's will, and their shares in the estate of their deceased sister, are not relied on as causes of action, but are guides to be used in the determination of the question as to what is for each plaintiff a reasonable share in the trust fund.  The suit is a proper proceeding in equity to charge the defendant Anne Devlin as trustee, and to recover for the plaintiffs their proper share of the fund.

2. The statement of the case shows that neither the statute of limitations nor the claim of laches is a defence to the bill. There was no time fixed between the parties when the arrangement should terminate, and Anne Devlin should account for the fund.  Each plaintiff has rendered services in accordance with the understanding within six years, and six years had not expired after Anne Devlin repudiated the understanding and her obligations under it before the suit was brought.  No change of circumstances is shown which would make it equitable to say that either plaintiff was guilty of laches.

The proper division of such a fund is under any circumstances a matter of difficulty.  Here it is made more difficult by the fact that the trustee repudiates all her obligations under the

trust, and that the other persons entitled to share in the trust deny its existence.

At the commencement of the suit, five only of the children of James Devlin survived. The property which he left in 1865 amounted to about $12,000, while there was in the possession of his widow and sons, in 1887, property to the value of some $75,000, the proceeds of the business which he left as carried on by the combined efforts of his widow and children under the understanding on which the bill is founded.

Under these circumstances, it certainly is not unjust to the trustee, or to the other persons interested in the joint fund, to allow the plaintiffs to recover the sums found by the master. His methods of ascertainment are somewhat crude, but in every case the item which he allows is an item to which the plaintiff had at the time when it was contributed to the common fund a right of property, and it increased the common fund by at least the amount which he allows.

The defendant Anne Devlin, having died since the filing of the master's report, we understand that the executors of her will have now been made parties and are in court. The sums found due to the several plaintiffs from Anne Devlin by the master, are to be paid to them by her executors, with interest from the filing of the bill, and with costs to be taxed by the clerk. The other defendants are not to recover costs, nor are costs to be allowed the plaintiffs as against them.

*Decree accordingly.*

*R. Lund & W. E. Jewell,* (*C. H. Welch & H. F. Naphen* with them,) for the plaintiffs.

*J. A. Maxwell & S. H. Hudson,* for the defendants.