WATSON P. DAVIDSON v. HERMANN KRETZ and Another.[1]

November 13, 1914.

Nos. 18,787—(46).

**Right of way — change of location by parol agreement.**
An easement may be extinguished or modified by a parol agreement fully executed, and an oral agreement that the fee owner may erect a permanent building over part of one side of the way and extend the way a like distance on the other side, when executed, extinguishes the old easement to the extent of the obstruction and gives a right to use the new way as a substitute for the old, at least as long as the obstruction continues. Though the new way is narrower than agreed, the owner of the way cannot, after acquiescing in its construction, require that the building be undermined to enlarge the way according to the terms of the oral agreement.

[1] Reported in 149 N. W. 652.

Note.—Upon the question of change of easement by building over right of way, see note in 15 L.R.A. 487.

Action in the district court for Ramsey county to recover $10,000 for interference with a certain easement of plaintiff and for judgment removing all obstructions to the easement in question. The action was tried before Catlin, J., who made findings and ordered judgment in favor of defendants. From an order denying his motion for amendment of the findings and for a new trial, plaintiff appealed. Affirmed.

*B. H. Schriber*, for appellant.

*John F. Fitzpatrick* and *Durment, Moore & Oppenheimer*, for respondents.

HALLAM, J.

This action is brought to compel the removal of the supports to the 12-story building mentioned in the opinion in Kretz v. Fireproof Storage Co. supra, p. 304, 149 N. W. 648, which supports were placed on the easterly portion of plaintiff's 12-foot right of way. It appears that plaintiff's 99-year tenant, the Fireproof Storage Co., consented to the placing of these supports in the passway pursuant to a vary informal verbal agreement that defendant would widen the passway the same distance on the other side by setting his building back on his own land. It also appears that plaintiff frequently observed the construction of the building and of these supports and we think acquiesced therein.

It is quite well settled that an easement may be extinguished or modified by a parol agreement granted by the owner of the dominant tenement and executed by the owner of the servient tenement. Boston & P. R. Corp. v. Doherty, 154 Mass. 314, 28 N. E. 277; Morse v. Copeland, 2 Gray, 302; Curtis v. Noonan, 10 Allen, 406. If the owner of an easement of way verbally agrees that the owner of the servient estate may erect thereon an obstruction of a permanent character and substitute another way, this agreement when executed extinguishes the right to the easement to the extent of the obstruction. Boston & P. R. Corp. v. Doherty, 154 Mass. 314, 28 N. E. 277; Pope v. Devereux, 5 Gray, 409; Ebert v. Mishler, 234 Pa. St. 609, :83 Atl. 596; Hamilton v. White, 4 Barb. 60.

Whether the owner of the servient tenement may later close the

new and restore the old way is not important here. It is at least certain that the new way cannot be closed unless the old is first restored. Wright v. Willis, 23 Ky. Law Rep. 565; Thompson v. Madsen, 29 Utah, 326, 81 Pac. 160. These same rules apply where the agreement is not to close the old way entirely, but to close part of the way on one side and to enlarge it on the other.

The consent of the parties to the substitution of one way for another may be implied from their acquiescence. Rumill v. Robbins, 77 Me. 193. The storage company agreed to this substitution and plaintiff acquiesced in it and both are bound thereby.

Plaintiff complains that defendant set his building back only one foot seven inches from the west line of the passway and thus narrowed the way five inches, whereas the agreement was that he should set it back two feet, and that defendant had no right to reduce the width of the passway to that extent. It must be borne in mind that the whole matter rested on parol. Both plaintiff and his 99-year tenant watched this building in process of construction and we think acquiesced in it as it was constructed, and acquiesced in the width of the way as the building left it. It is too late now for them to assert that the width of the way is insufficient. They are estopped from so doing. Vogler v. Geiss, 51 Md. 407.

Defendant should not now be compelled to undermine his building even to the extent of the removal of five inches from its support.

Order affirmed.