LINCOLN ALVORD & another *vs.* HANNAH E. BICKNELL & another.

Middlesex.     October 5, 1932. — October 27, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Way*, Private: abandonment.  *Equity Jurisdiction*, Laches.

Where it appeared that the owners of two adjoining lots of land, the owner of one having a right of way over one side of the other, in 1928 made an oral agreement that the owner of the dominant tenement would release the right of way and that the owner of the servient tenement would grant him a new right of way over another portion thereof; that an agreement in writing was drawn but never was executed; that the new right of way never was granted; that the owner of the dominant tenement made no objection to the erection thereafter of a building by the owner of the servient tenement obstructing the original right of way, but was always willing to carry out the agreement, urged the owner of the servient tenement to carry it out and relied on his doing so, findings were warranted that the owner of the dominant tenement did not intend to abandon his original right of way unless and until the owner of the servient tenement granted him the new right of way, and that there was no abandonment of the original right of way; the failure by the owner of the dominant tenement to object to the obstruction of the right of way was not conclusive in the circumstances.

It further appearing that, in the next year, 1929, each of the lots above described was conveyed to a new owner; that in 1930 the new owner of the servient tenement, without the knowledge of the new owner of the dominant tenement, built an addition to the building obstructing the right of way; that the new owner of the dominant tenement died in 1931, his title being acquired by his heir; that neither the deceased owner, his heir nor the new owner of the servient tenement knew, when they respectively acquired their titles, of the agreement between the original owners; that the deceased owner and his heir did not consent to the erection of the addition; and that no complaint was made to the owner of the servient tenement about the obstruction until the heir complained in November, 1931, it was *held*, in a suit in equity commenced by the heir in December, 1931, against the owner of the servient tenement to have the defendant ordered to remove the obstruction, that

(1) A finding was warranted that the plaintiff had not been guilty of laches;

(2) A decree in the plaintiff's favor was proper.

BILL IN EQUITY, filed in the Superior Court on December 23, 1931, described in the opinion.

The suit was referred to a master, who found that Ralph F. Alvord died in 1931. Other material findings are stated in the opinion. By orders of *Donnelly*, J., and *Gray*, J., respectively, there were entered an interlocutory decree confirming the master's report, and a final decree described in the opinion. The defendant Bicknell appealed from the final decree.

*P. R. Ammidon*, for the defendant Bicknell.

*Ralph D. Weston*, for the plaintiffs.

CROSBY, J. This suit is brought to restrain the defendants from diverting surface waters onto the premises of the plaintiffs and to cause the removal of certain structures on a right of way to which the plaintiffs claim title by deed. The case was referred to a master who found that the plaintiffs suffered no damage on account of the diversion of surface water. He also made certain findings hereinafter referred to respecting the obstruction of the plaintiffs' right of way. With the consent of all the parties an interlocutory decree was entered confirming the master's report.

The master found that the plaintiffs are owners in common of certain premises in Hanover, in this Commonwealth, shown as lot 1 on a plan dated May 20, 1928, and recorded with Plymouth registry of deeds, plan book 4, page 470; that the defendant Hannah E. Bicknell is the owner of adjoining premises, shown as lot 2 on said plan; and that the other defendant, First National Stores Inc., is in possession of lot 2 under a lease. The master also made the following findings: Theodore E. Clifton formerly owned both lots, and on January 5, 1928, conveyed lot 1 to Frank L. Elkin which conveyance included the following right of way: "Together with a right to pass and repass over a strip of land ten feet wide adjoining the Northeasterly boundary of the above described parcel, over Lot 2 shown on said plan." On January 24, 1929, Elkin conveyed lot 1 to Ralph F. Alvord. Clifton gave a mortgage on May 29, 1928, covering lot 2 to one Friend and others. The mortgage was foreclosed August 15, 1929, and the premises were sold to one Anna M. Walsh who on Septem-

ber 3, 1929, conveyed to Hannah E. Bicknell, the present owner of lot 2. In 1928, while Clifton was the owner of lot 2 and Elkin was the owner of lot 1, they entered into an oral agreement, in substance, that Elkin would release to Clifton his right of way, and in consideration thereof Clifton would grant to Elkin a right of way to the rear of the premises over the farther side of lot 2 on the side adjoining lot 3. Agreements to that effect were drawn by an attorney, who represented both parties, but the agreements never were executed, and the new right of way never was laid out or granted to Elkin. Clifton became involved in financial difficulties and nothing further was ever done about the matter. After the oral agreement was entered into Clifton erected a building on lot 2, a part of which was in the right of way conveyed in the deed to Elkin by Clifton. It does not appear that any objection was ever made by Elkin to this act of Clifton, but he allowed the building to be erected in the right of way; and it appeared that Elkin and his attorney on several occasions urged Clifton to sign a deed conveying a new right of way, and that Elkin was always ready and willing to release the old right of way in consideration of a grant of a new right of way, and he relied on Clifton's granting him the new right of way. In 1930, the defendant Hannah E. Bicknell built an addition to the rear of the building on lot 2, and it does not appear that the then owner of lot 1 ever made any objection to the erection of this addition. There was no evidence that Ralph F. Alvord, owner of lot 1 in 1930, was notified by the defendant Bicknell of the building of the addition, or that he knew of it; he was seriously ill at his home in Newton during 1930 and unable to attend to any business, but his agent was in Hanover at the time the addition was built. The master further found that the construction of the building and the concrete apron extending into the right of way did not cause any damage to the plaintiffs' premises. He found, however, that as these structures are partly in the right of way there is not room for a driveway between the plaintiffs' property and that of the defendant Bicknell. At the present time the plain-

tiffs have no access to the rear of their property by a vehicle. The plaintiffs' property consists of a block containing two stores and a restaurant, and any goods or supplies delivered to these stores must be delivered through the front doors. No complaint to the defendant Bicknell was made by the plaintiffs or their predecessors in title relative to obstructing the driveway until November, 1931, shortly before the bringing of the bill. It is also stated by the master that there is no evidence that Ralph F. Alvord (under whom the plaintiffs acquired title), the plaintiffs, or the defendant Bicknell knew of the agreement between Clifton and Elkin when they obtained title to their respective properties.

The case was heard by a judge of the Superior Court who, on the facts found by the master, ruled that there had been no abandonment of the easement and that there had been no laches on the part of the plaintiffs, and ordered a decree to be entered ordering the defendants to remove the structures erected by them and their predecessors in title within the limits of the ten-foot right of way. A final decree was entered in conformity with the order. From that decree the defendant Bicknell appealed.

As the evidence is not reported the findings of the master must stand.

There is no finding by the master that Elkin, through whom the plaintiffs claimed title, ever abandoned or intended to abandon his rights in the way. It is plain from the findings that he relied on the agreement with Clifton that he would have access to the rear of his lot by a new way over lot 2, at that time owned by Clifton. It could have been found that he did not object to the erection of the building and the addition thereto because he had an agreement with Clifton for a new way which Clifton had carved out; and that the obstruction of the old way would cause him no damage as he agreed to give up his rights in that way if Clifton had granted him the new way as agreed between them. No intention on the part of Elkin to abandon his rights in the way can be found in his failure to object to its obstruction, in view of his agreement with Clifton. The finding of the master that Elkin was

always ready to release the old right of way in consideration of a grant of a new way, and that he relied on Clifton's granting him a new way, rebuts an inference of abandonment. It is found that the parties had agreements drawn to carry out the oral agreement, that Elkin and his attorney many times urged Clifton to sign the papers, that Clifton got into financial difficulties, and that nothing further was done. Whether there is an abandonment is ordinarily a question of intention. It presents a question of fact. In the present case the judge rightly could have found that Elkin never intended to abandon his rights in the way granted to him unless and until Clifton conveyed to him a new right of way. The failure to object to the obstruction of the way in view of the findings was not conclusive upon this question. In *Boston & Providence Railroad* v. *Doherty*, 154 Mass. 314, at page 318, it was said by Knowlton, J., speaking for the court, ". . . the defendant licensed the plaintiff to obstruct and cut off his way on condition that it would provide him another designated way as a substitute therefor. He must have expected that the execution of the license and the performance of the condition would deprive him of his old way and leave him with a new one. . . . His license was conditional, and his rights were protected by the condition. . . . We are of opinion that the performance of the condition, and the execution of the license, worked an extinguishment of the defendant's easement." There was no evidence that required a finding that the easement had been abandoned. *Butterfield* v. *Reed*, 160 Mass. 361, 366, 369, 370. *Willets* v. *Langhaar*, 212 Mass. 573, 575, 576. *Parsons* v. *New York, New Haven & Hartford Railroad*, 216 Mass. 269, 272. *Les* v. *Alibozek*, 269 Mass. 153, 157, 158.

The question remains whether on the facts found it could rightly have been found and ruled that the suit was not barred by laches. There is no hard and fast rule as to what constitutes laches. It is generally a question of fact with the burden of proof resting on the defendant. *Stewart* v. *Finkelstone*, 206 Mass. 28, 35, 36. *Patterson* v. *Pendexter*, 259 Mass. 490, 493. No finding of laches was made by the master, and none is to be inferred as matter of law from the

facts found.  It could warrantably have been found that Elkin, the plaintiffs' predecessor in title, permitted the obstruction of the way solely in reliance upon the agreement of Clifton that he was to relinquish his rights in the way by the grant of a new right of way.  *Parsons* v. *New York, New Haven & Hartford Railroad,* 216 Mass. 269.  Clifton, the defendants' predecessor, while having full knowledge of Elkin's rights, proceeded to obstruct the way and failed to grant to Elkin a new way as promised.  A finding was amply warranted of bad faith on the part of Clifton who did not labor under any mistake; he deliberately failed to carry out his agreement with Elkin.  The defendant Bicknell and her predecessors in title rely upon the title which they obtained from Clifton, who acquired no right to obstruct the right of way in the absence of a grant to Elkin of a new way in substitution of the old one.  The plaintiffs did not consent to the obstruction of the way in the building of the addition.  The master found that the plaintiff Lincoln Alvord's father, and predecessor in title of the plaintiffs, was seriously ill when the addition was erected and had no knowledge of it; and there is no finding that his agent had any knowledge of the existence of the right of way or that any addition was erected upon it.  The existence of the right of way was a matter of record and the defendant Bicknell was charged with knowledge of it when she obtained title to lot 2 by deed dated September 3, 1929.  The bill in the present suit was filed December 23, 1931.  We do not think upon the facts found that, as matter of law, the claim of the plaintiffs for relief is barred by laches.  There are no facts found by the master to warrant a finding that the defendants were induced to change their position or that their rights were affected by failure to bring this suit at an earlier date; nor was there any evidence of acts of commission or omission on the plaintiffs' part prejudicial to the rights of the defendants.  *Patterson* v. *Pendexter,* 259 Mass. 490, 493.  In view of the facts found by the master the judge was justified in finding that there has been no laches on the part of the plaintiffs.  *Stewart* v. *Finkelstone,* 206 Mass. 28, 36.  *Kershishian* v. *Johnson,* 210 Mass. 135, 138, 139.  *New York Central Rail-*

*road* v. *Ayer*, 239 Mass. 70, 77, 78.   *Safford* v. *Lowell*, 255 Mass. 220, 226, 227.

As the order for decree was justified on the facts found by the master the entry must be

*Decree affirmed with costs.*