CAROLINE M. LINDSEY, administratrix, *vs.* LEWIS J. BIRD.

Bristol. October 22, 1906. — November 26, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Equity Pleading and Practice*, Memorandum of findings, Appeal. *Contract*, Validity. *Husband and Wife.*

In a suit in equity a memorandum of findings made by the judge who heard the case, consisting of a brief extract of material evidence and a statement of his findings of fact, which was made by the judge voluntarily without the request of either party, is a part of the record and has the same effect as a report made under R. L. c. 159, § 23.

In a suit in equity coming to this court by appeal, a decree, made by a judge who heard the case on oral evidence somewhat conflicting which would warrant a finding in behalf of either party, will not be reversed unless plainly wrong, especially where certain letters and other documents which were in evidence at the hearing are not before this court.

A contract by a married man by which he transfers a substantial sum of money, which practically is all the property he has, to a certain person upon the agreement and understanding that the donee shall hold and care for the money and pay therefrom any sums required for the support of the donor or which he may demand, and that on the death of the donor any sum remaining in the hands of the donee shall become his property, is not invalid as against the widow of the donor.

RUGG, J.   This is a bill in equity brought by the adminis-
tratrix of the estate, who is also the widow, of Henry Lindsey,
to recover from the defendant certain moneys collected by him
on the order of Lindsey during his life, this property being
practically all which the deceased possessed.   The judge of
the Superior Court who heard the case filed a " memorandum
of findings," which is a brief extract of certain material evi-
dence and a statement of his findings of fact.   This was made
voluntarily without the request of either party.   Such a memo-
randum is a part of the record and has the same effect as a
report made under R. L. c. 159, § 23.   *Cohen* v. *Nagle*, 190
Mass. 4.   The voluminous oral testimony given before the trial
court was reported by a commissioner and forms a part of the
record.   Certain documentary evidence is not printed, and many
letters from the plaintiff's intestate to the defendant, the con-
tents of which are not stated, were introduced in evidence, but
do not form a part of the record.   In the Superior Court a de-
cree was entered dismissing the bill and ordering the defendant
to pay the plaintiff her taxable costs and the defendant to take
no costs.   The plaintiff appealed from this decree.

In *Colbert* v. *Moore*, 185 Mass. 227, the court speaking through
Lathrop, J., said : " The appeal brings before the court ques-
tions of fact as well as questions of law, and it is the duty of
the court to examine the evidence, and to decide the case accord-
ing to its judgment, giving due weight to the finding of the
judge. . . . It is however true that upon an appeal from a decree
of a judge in equity upon questions of fact, arising on oral testi-
mony heard before him, his decision will not be reversed unless
it is plainly wrong."

It was admitted that the defendant had received $6,173.70
belonging to the plaintiff's intestate upon his order from the
estate of one Maria M. Lindsey, and that the defendant had
properly paid out $2,006.02 from this fund on said Henry Lind-
sey's account.   The plaintiff asserted that the transfer of this
money by her intestate to the defendant was void because of
lack of mental capacity in the deceased, and of undue influence
exerted upon him by the defendant, and that the defendant re-
ceived the money upon an express or constructive or implied
trust, the nature of which was not clearly stated.   These allega-

tions were denied by the defendant, who asserted that he had received the money upon the agreement and understanding that he should hold and care for it, and pay therefrom any sums required for the support of the plaintiff's intestate, or which said intestate might demand, and that upon Henry Lindsey's death any sum remaining in the hands of the defendant should become his property. The judge found that the agreement was in substance as the defendant contended, that it was not void by reason of any mental incapacity on the part of the plaintiff's intestate, that it was not entered into through undue influence of the defendant, and that it was valid and binding.

We have examined the evidence carefully, but it is not necessary to state it in detail. It is somewhat conflicting, and would warrant a finding in behalf of either party, the conclusion to be reached depending in large measure on what credence is given to the testimony of the defendant. While there are many circumstances connected with the transaction and some misleading statements made by the defendant concerning it at various times, which cast a suspicion upon his conduct and his honesty of purpose, it cannot be said on the whole that the finding was plainly wrong or that it is without justification in the evidence. The witnesses were before the judge who made the findings, and he was able to decide, from their appearance and actions in testifying, as to their truthfulness with a greater probability of being right than any one can from a mere reading of their statements in print. Moreover, the letters of the plaintiff's intestate and other documentary evidence, which were in evidence but which are not before us, may have been very material in passing upon the issues raised.

There was no illegality in the agreement made between the defendant and the plaintiff's intestate. The latter had the absolute control of his property and, so far as the plaintiff's present rights are concerned, might have given it away during his lifetime upon such terms as he pleased.

*Decree affirmed.*

*G. F. Williams,* for the plaintiff, submitted a brief.
*A. J. Jennings,* for the defendant.