ANNIE J. DONNELLY & others *vs.* FREDERICK L. ALDEN.

FREDERICK L. ALDEN & others *vs.* FRANCIS

J. DONNELLY & others.

ANNIE J. DONNELLY & others *vs.* FREDERICK

L. ALDEN & others.

Essex.    November 7, 1917. — January 4, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Executor and Administrator,* Notice.   *Equity Jurisdiction,* To set aside mortgage,
   To rescind sale induced by fraud, To establish trust, To recover money
   wrongly paid by executor.

In a suit in equity, by certain minors entitled to the remainders under a trust
   created by a will, to set aside a mortgage made by the former executors of the
   will, acting as trustees, to the defendants, who were a firm of wholesale shoe
   dealers, to secure the payment of the indebtedness of the executors to the de-
   fendants for shoes sold to the executors while they were carrying on the retail
   shoe business of the testator after his death in the name of his estate, it appeared
   that the executors were not authorized to carry on the business of the testator,
   but that the managing executor had represented to the defendants that they
   had such authority, and that, when the defendants later discovered the ex-
   ecutors' want of authority and the deceit practiced upon the defendants by the
   managing executor, instead of rescinding the sale and demanding back their
   goods, they took from the executors as trustees a mortgage of the real estate of
   the testator as security for their account against the executors.   The trial judge
   found that, as to the goods shipped by the defendants after the testator's death,
   they did not suspect and had no reason to suspect any breach of trust.   *Held,*
   that the defendants, knowing of the death of the testator, ought to have in-
   spected the probate records, which would have shown them that the executors
   had no authority to conduct the business and would have led to the further
   discovery that the persons interested in the remainder were minors, and that
   the finding of the trial judge as to the actual state of mind of the defendants
   was immaterial, and accordingly that the mortgage must be set aside.

With the suit described above was tried a suit by the members of the firm of whole-
   sale shoe dealers, the defendants in the first case, against the administrators *de
   bonis non* of the estate of the testator to impress a trust for their claim upon the
   funds remaining in the hands of the administrators *de bonis non.*   There was no
   finding that the goods furnished by the firm which were in the store when the ad-
   ministrators *de bonis non* took possession could be identified, and the evidence
   indicated that, although these goods might have been identified and separated,
   this was not done and it appeared that afterwards all the goods in the store,
   including these and all the others, were sold for a single price.   *Held,* that it
   was too late for the members of the firm to attempt to rescind their sales of
   goods, or, if they could have rescinded the sales, to follow the goods or their
   proceeds.

In a cross bill filed by the administrators *de bonis non*, who were the defendants in
the suit described above, in which the remaindermen joined through their
guardian *ad litem*, it was sought to compel the firm of wholesale shoe dealers to
repay the amount of the money paid to them by the former executors without
authority on the principle of *Hines* v. *Levers & Sargent Co.* 226 Mass. 214. The
trial judge was "not satisfied that the business was conducted by the executors
at a loss." *Held*, that, if there was no loss, there was no debt to the estate to be
paid, and that the cross bill must be dismissed.

BILL IN EQUITY, filed in the Superior Court on May 23, 1916,
by the three minor children of Francis J. Donnelly, grandchildren
of Peter Donnelly, late of Lynn, and the beneficiaries in remainder
under his will, against Frederick L. Alden, as mortgagee for the
benefit of the firm of Alden, Walker and Wilde, wholesale shoe
dealers, seeking to cancel a mortgage alleged to have been given
without authority by Anne Donnelly and Francis J. Donnelly, as
trustees under the will of Peter Donnelly, to secure an indebtedness
for shoes sold and delivered to them by the said firm, the indebted-
ness thus attempted to be secured being the personal indebtedness
of Francis J. Donnelly or of him and Anne Donnelly and not the
indebtedness of the trust estate; also a

BILL IN EQUITY, filed in the Superior Court on August 2, 1916,
by the members of the firm of Alden, Walker and Wilde, against
the administrators *de bonis non* with the will annexed of the estate
of Peter Donnelly, seeking to impress a fund of $11,000 in the
hands of such administrators with a trust to the extent of $4,259.91
for the benefit of the plaintiffs to satisfy their claim for the price of
shoes sold and delivered to the estate of Peter Donnelly, induced
by the false representations of Francis J. Donnelly that he or he
and Anne Donnelly had authority to carry on the shoe business
in behalf of that estate; also a

CROSS BILL IN EQUITY, filed on October 2, 1916, by the defend-
ants in the suit brought by the members of the firm of Alden,
Walker and Wilde, in which the administrators *de bonis non*
with the will annexed of the estate of Peter Donnelly sought to
recover the amounts of money paid without authority to the said
firm by Francis J. Donnelly and Anne Donnelly out of the estate
of Peter Donnelly.

The three cases were heard together by *Fox*, J. He made a
memorandum of findings, including the findings which are stated
and described in the opinion. The judge ordered that there should

be decrees for the plaintiffs in each of the first two suits and that the cross bill should be dismissed.

Later by order of the judge final decrees were entered, ordering that in the first suit the mortgage should be cancelled, that in the second suit the plaintiffs' claim was established in the sum of $4,259.91 and that the fund of $11,000 in the hands of the administrators *de bonis non* was impressed with a trust to that extent, and that the cross bill should be dismissed. An appeal was taken from each of the decrees.

*H. D. Linscott*, (*J. J. Doherty* with him,) for Annie J. Donnelly and others.

*E. J. Flynn*, (*W. J. Holbrook* with him,) for Frederick J. Alden and others.

Rugg, C. J.    These are suits growing out of the estate of the late Peter Donnelly, hereafter called the testator. He died in July, 1914, a resident of Lynn. By his will he gave all his property to trustees, who also were executors, in effect upon the trust to pay the income to his widow, Anne, during her life, and thereafter to his son, Francis, during his life, the principal then to go to the children of Francis, all of whom are now minors. The testator's property consisted in part of two parcels of real estate and two retail shoe stores in Lynn. The stores had been prosperous. Francis, who had assisted the testator in the stores, continued to carry on the business without change with the assent of his mother after the testator's death. Although the same persons were named as executors and trustees, they are liable in the former capacity under the facts here disclosed. *Welch* v. *Boston*, 211 Mass. 178, 181. The defendants Alden, Walker and Wilde, hereafter called the firm, were shoe manufacturers who had sold shoes to the testator. Shortly after his death Francis told one of the firm that the estate had been left to his mother and himself, and that they owned the stores and were going to continue the business in the name of the estate of Peter Donnelly. Relying on these statements, the firm continued to ship goods to the Donnelly stores.

The firm had no right to rely upon the statements of Francis so far as concerns the liability of the estate. They knew that their former customer was dead. They were chargeable with knowledge of what the probate records of this Commonwealth

would disclose touching his estate so far as they seek to charge it with liability. The executors were not authorized either by the will nor by the Probate Court under St. 1910, c. 411, to carry on the business of the testator. These facts would have been ascertained if the probate record had been examined. The firm also would have discovered, either from that record or from the investigation which naturally would have followed a reading of the will, that the remaindermen chiefly interested in the estate were minors without a guardian. Hence the firm further would have discovered that the executors were not and could not have been authorized by all the parties in interest to carry on the business of the testator. The use by the executors of the assets of the estate for that purpose was a violation of their trust. As matter of law the estate of the testator would not be liable for debts incurred by the executors in conducting the business as a financial adventure. *Stearns* v. *Brookline*, 219 Mass. 238, 240. Actual knowledge of all the facts is not necessary in order to charge the firm with notice of them. The circumstances that confessedly were brought home to the knowledge of the firm were such as ought to have put them on inquiry and they are affected with knowledge of the facts which such an inquiry would have revealed. *Bancroft* v. *Consen*, 13 Allen, 50. *Conners* v. *Lowell*, 209 Mass. 111, 118, 119. *Broadway National Bank* v. *Adams*, 133 Mass. 170, 173. One who receives with notice money of a trust in breach of the trust, becomes himself a trustee and liable to account as such. *Trull* v. *Trull*, 13 Allen, 407. *Shaw* v. *Spencer*, 100 Mass. 382.

The finding of the judge that the firm, as to the goods shipped by them after the testator's death, did not suspect and had no reason to suspect any breach of trust, will not be overturned so far as it is a finding of fact. But the undisputed facts make it plain as matter of law that their actual state of mind is of no consequence. The firm knew of the death of the testator. They ought to have inspected the probate records. But they never did. If they had examined the records, the firm would have known that the executors had no authority to conduct the business. Ignorance of the law is no excuse in this respect. The inaccurate or deceitful statement of Francis in this regard cannot affect the rights of the minor beneficiaries under the will. It confers no

rights upon the firm as against them or as against the trust property in which they have an interest.

The firm doubtless might have rescinded their sales to the executors on ascertaining the deceit practiced on them by Francis J. Donnelly and taken back their goods. *Rackemann* v. *Riverbank Improvement Co.* 167 Mass. 1, 4. But the firm did not elect to rescind the sale when the misrepresentations as to the way in which the business of the testator was left by him were discovered. On the contrary, after full knowledge of what the probate records revealed, they took à mortgage on real estate of the testator executed in the name of the trustees, as security for their claim. With full knowledge they affirmed the transactions and for business reasons chose to try to secure what they could in that way. It is too late now to undertake to retrace those steps.

There is no finding that the goods furnished by the firm, which were in the store at the time the administrators *de bonis non* of the estate of the testator took possession, could be identified. An examination of the evidence convinces us that, while they could have been identified and separated, this was not done, and therefore it is impossible to determine now how much there was or what was its value. If it be assumed that at that time the firm might have rescinded the sale and replevied from the stock the shoes furnished by them, that remedy or its equivalent cannot now be invoked. One sale at a single price having been made of these and all other goods in the store, there is now no way of dividing the fund and awarding to the firm the part which the goods furnished by them contributed to the sum received by the administrators *de bonis non*. This is not a case of fraudulent or reckless intermingling of goods against the rights of the firm and the principle of *Peoples National Bank* v. *Mulholland,* 228 Mass. 152, 157, does not apply.

Since with full knowledge of the whole situation the firm affirmed all its transactions with the executors, they cannot now appeal to the principle of unjust enrichment or to other equitable doctrines designed to afford relief to innocent sellers who have been defrauded by the words or conduct of crafty buyers.

There is nothing in the facts or in the principles of law applied in *Allen* v. *Puritan Trust Co.* 211 Mass. 409, and in *Allen* v. *Fourth National Bank,* 224 Mass. 239, which is inconsistent

with the result here reached or which need to be reviewed in detail.

It follows that the firm cannot for the purpose of securing their claim impress a trust upon the fund in the hands of the administrators *de bonis non* derived from the sale of the stores. It follows, also, that the mortgage given upon real estate of the testator in partial payment for goods furnished by the firm after his death was void and must be cancelled. These two aspects of the controversies are governed in their legal aspects by the principles stated in *Hines* v. *Levers & Sargent Co.* 226 Mass. 214.

It remains to consider the cross bill by the administrators *de bonis non*, in which the remaindermen through their guardian join, to compel the firm to repay moneys paid to them by the executors on account during the period when they carried on the business. The finding of the judge upon this point is that he is "not satisfied that the business was conducted [by the executors] at a loss. There is evidence that the stores did a large business . . . the value of the estate at the time of Peter's death has been grossly exaggerated. If there has been any wasting of the estate, I am satisfied that it has not been brought about by the running of the stores for a period of twenty months." The evidence consisted chiefly of oral testimony. The familiar rule in such cases in equity is that, while it is the duty of this court on appeal to examine the evidence and decide the case according to their judgment, giving due weight to the finding of the trial judge, yet since the trial judge has had the advantage of seeing the witnesses and thus of weighing their testimony, his finding will not be reversed unless plainly wrong. *Lindsey* v. *Bird*, 193 Mass. 200. Guided by that rule, a careful examination of the evidence as reported does not lead us to the conclusion that this finding must be overturned. Treating the firm as trustee respecting the payments made to them by the executors on account of goods delivered, this finding affords no reason for compelling them to return these payments. If the business has not been run at a loss, then the estate has suffered no harm by reason of these payments to the firm. These payments were made for an equivalent in goods furnished. A trustee is not required to do more than make good the losses falling upon the trust by reason of his wrong. If there has been no loss, there is no debt to be paid.

The finding of fact upon this point in the case at bar is the reverse of the finding of fact made in *Hines* v. *Levers & Sargent Co.* 226 Mass. 214. Hence an opposite result must be reached as matter of law.

The conclusion is that, in the suit to set aside the mortgage given by the trustees to the firm in part payment of their account, the decree granting relief is affirmed. In the suit by the firm against the administrators *de bonis non*, to impress a trust upon funds in their hands, the bill is dismissed. In the cross bill by the administrators *de bonis non*, to recover payments made by the executors to the firm, a decree is to be entered dismissing the cross bill.

*So ordered.*