OTTO F. TINGLEY, administrator *de bonis non* with the will annexed, *vs.* NORTH MIDDLESEX SAVINGS BANK & others.

Middlesex.   December 11, 1928. — February 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & WAIT, JJ.

*Trust,* Constructive.   *Savings Bank.   Conversion.*

A by-law of a savings bank provided: "Upon the death of a depositor, payment of his deposit will be made to his executor or administrator . . . and such payment shall discharge the Bank from all further liability on account of such deposit." A woman who was a depositor with the bank died, leaving a will. The bank with full knowledge of the facts and circumstances, permitted the executor of the will to transfer the account to himself and then accepted the deposit as a pledge to secure the payment of notes given by him as an individual for money lent to him for his own use. In a suit by an administrator *de bonis non* of the estate of the woman to recover the deposit, it was *held,* that

(1) On the facts above stated, the bank was charged with notice that the relation of the executor to the deposit was a trust relation and that he had no right to use the deposit for his personal benefit;

(2) The acts of the executor were a conversion of the deposit to his own use;

(3) The bank, by participating in the wrongful act of the executor while charged with notice of the wrong, became liable to account for the fund as in its own wrong;

(4) In the circumstances, the by-law of the bank afforded it no protection.

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on August 25, 1927, and described in the opinion.

The respondents, administrators with the will annexed of Stephen L. Tingley, admitted the truth of the facts alleged in the petition.

The respondent North Middlesex Savings Bank sought to hold the deposit in question and to apply it, *pro tanto,* to satisfaction of the notes to secure which it received it; and in its answer alleged that, acting under article 12 of its by-laws, which was printed on its pass book, it "in good

faith and without fraud" made the transfer which the petitioner attacked. Said article 12 reads as follows: "Payments will be made upon demand to depositors in person or to any person properly authorized in writing, except that the Treasurer may at any time require a depositor to give not exceeding ninety days notice of intention to withdraw the whole or any part of the deposit. No payment shall be made, however, unless the pass book is produced, that such payment may be entered thereon, except as provided in Article 15.

"Upon the death of a depositor, payment of his deposit will be made to his executor or administrator, or, if less than one hundred dollars, may be made, when authorized by the Board of Investment, to the next of kin, legatee or persons beneficially entitled, and such payment shall discharge the Bank from all further liability on account of such deposit.

"Money deposited in the name of a minor may, at the discretion of the Board of Investment, or of the Treasurer, if authorized by said Board, be paid to such minor or to the person making such deposit and the same shall be a valid payment."

The suit was heard by *Leggat*, J., a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence. Material facts found by the judge are stated in the opinion. By order of the judge, a final decree was entered ordering the transfer sought by the petitioner. The respondent bank appealed.

*R. H. J. Holden & J. D. Carney*, for the respondent North Middlesex Savings Bank, submitted a brief.

*S. Bell*, (*O. W. Marvin* with him,) for the petitioner.

RUGG, C.J. This is a petition by the administrator *de bonis non* with the will annexed of the estate of Mary A. Tingley praying that the North Middlesex Savings Bank be ordered to transfer to the credit of the estate of Mary A. Tingley a deposit standing in the name of Stephen L. Tingley, who has deceased and whose administrators are joined as defendants. The trial judge made a finding of material facts in substance as follows: In 1925 Mary A. Tingley died tes-

tate and Stephen ·L. Tingley was appointed executor of her will and continued in that trust until his death the following year. She left all her estate in trust during the lives of her children, with remainders over. A part of the assets of her estate coming to the possession of her executor was a deposit in the defendant savings bank. The executor in his individual capacity borrowed of the savings bank two different sums of money for his own use, giving his personal notes therefor, transferred to his own name the deposit standing in the name of his testatrix and then pledged the same as collateral security for his individual notes. The bank knew all the facts and circumstances. The finding was made on all the evidence that Stephen L. Tingley converted to his own use this deposit with the knowledge and consent of the savings bank, and that the savings bank accepted the pass book of the testatrix as a pledge for the notes with full knowledge of the facts.

There is in the record a report of all the evidence. It came chiefly from the oral testimony of witnesses. While it is the duty of this court to examine the report and ·to decide the case according to their own judgment, giving due weight to the findings of the trial judge, his decision, based as it is on observation of the witnesses, will not be reversed unless plainly wrong. *Lindsey* v. *Bird,* 193 Mass. 200. *Patterson* v. *Pendexter,* 259 Mass. 490, 493. A careful examination of the record convinces us that these findings cannot rightly be set aside and ought to stand.

The bank knew from its own books and from the pass book issued by it that the deposit belonged to the estate of Mary A. Tingley. It also knew of her death because it recognized Stephen L. Tingley as executor of her will. These facts charged the bank with notice that the relation of the executor to the deposit was a trust relation and that he had no right to use the deposit for his personal benefit. The use of the deposit belonging to the estate as collateral security for money borrowed from the bank on the personal notes of Stephen L. Tingley was a conversion of the deposit to the personal uses of Stephen L. Tingley. It was the equivalent of paying his individual debt with the trust fund

in his hands. The governing principles were discussed at length in *Shaw* v. *Spencer*, 100 Mass. 382, where the earlier authorities were reviewed. They need not be repeated. It is plain, in view of that decision, that there was a conversion by the executor to his personal use of the funds of the estate.

The transaction carried on its face notice to the bank of misapplication of the trust deposit and thus involved it in the wrong. The person receiving funds of a trust in these circumstances will not be permitted to retain them, but must make restitution to the trust. One who receives with notice money of a trust in breach of that trust becomes himself a trustee and liable to account as such in his own wrong. *Donnelly* v. *Alden*, 229 Mass. 109, 111. *Loring* v. *Brodie*, 134 Mass. 453. *Smith* v. *Ayer*, 101 U. S. 320. *Goodell* v. *Monroe*, 87 N. J. Eq. 328.

The by-laws of the bank afford it no protection in the circumstances here disclosed. The undisputed facts were such as to put the bank on its guard against receiving as security for a personal obligation of the fiduciary running to itself the funds of the trust.

*Decree affirmed.*