WILLIAM J. KELLY, executor, *vs.* HOWARD B. BURLINGAME & another.

Norfolk.    November 5, 1929. — November 7, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court,* Appeal, Jurisdiction. *Domicil.*

Where, upon an appeal from an order of a probate court denying a motion to vacate a decree allowing a will, the ground of the motion being that the testator at the time of his death was not a resident of the county which was within the jurisdiction of the court, all the evidence, which was chiefly oral, was reported and there was testimony tending to show that the decedent had formed an intent to take up his residence in a certain town in said county where he was living when he died, and that he was then of sufficient mental clearness to form and execute an intent as to his domicil, the order of the Probate Court was affirmed.

PETITION, filed in the Probate Court for the county of Norfolk on May 15, 1928, for proof of the will of Harriet N. Abbey, alleged to have died while a resident of Brookline.

By order of *McCoole,* J., a decree was entered allowing the will.

On March 28, 1929, Horatio N. Allin, as "counsel and party in interest," moved to vacate the decree. The motion was heard by *McCoole*, J., a stenographer having been appointed under the provisions of G. L. c. 215, § 18. It appeared that the decedent died in Brookline. The question determined by the court was whether, when she went to Brookline, she intended to take up her residence there. The motion was denied. The respondents appealed.

*H. N. Allin*, for the respondents, submitted a brief.

No argument nor brief for the petitioner.

Rugg, C.J. This is an appeal from an order denying a motion to vacate the allowance of the will of Harriet N. Abbey. The petition for the allowance of the will alleged that the deceased was a resident of Brookline in the county of Norfolk. The grounds set forth in the motion were in brief that no notice was given of the hearing on the allowance of the will and that the deceased was never a resident of Norfolk County. All the evidence is reported. Therefore on this appeal questions of fact as well as of law are brought before this court, whose duty it is to examine the evidence and decide the case according to its own judgment. Unless it is plainly wrong, the decision of the probate judge will not be reversed, since the questions of fact arose chiefly on oral testimony heard by him. *Lindsey* v. *Bird*, 193 Mass. 200.

The underlying question was whether the deceased was a resident of Brookline. The evidence need not be set out at length. It has been carefully examined. There was testimony tending to show that the decedent formed an intent to take up her residence in Brookline, where she died, and that she was then of sufficient mental clearness to form and execute an intent as to her domicil. It cannot be said that there was any error of law or of fact in the disposition of the motion.

*Order denying motion affirmed.*