JANET H. JONES & another *vs.* BRADFORD JONES &
others.

Norfolk. April 7, 1936. — April 8, 1937.

Present: RUGG, C.J., PIERCE, FIELD, & DONAHUE, JJ.

*Jurisdiction. Probate Court*, Jurisdiction, Proceedings in equity, Parties,
Decree, License to sell real estate. *Equity Jurisdiction*, To enforce
trust, Rescission, Mistake. *Trust*, Constructive, Accounting by
trustee, Powers of trustee, Compromise of claim. *Equity Pleading
and Practice*, Parties. *Contract*, Consideration, Rescission. *Devise
and Legacy*, Omitted child. *Fiduciary*.

The question, whether a certain petition in equity was within the juris-
diction of the Probate Court, was open in this court although no ap-
peal was taken from an interlocutory order overruling a demurrer by
which that defence was raised and the question of jurisdiction was
not raised in a report to this court.

A probate court had jurisdiction, under G. L. (Ter. Ed.) c. 215, § 6, of
a petition in equity, brought by a beneficiary of a testamentary trust
against the trustee and another beneficiary, to compel the respondent
beneficiary to return to the trustee an alleged improper payment made
to him by the trustee; and the petitioning beneficiary was a proper
party to bring such a proceeding.

A decree of a probate court authorizing a trustee to sell real estate and
to "apply the proceeds thereof according to law and said instrument"
was not an adjudication of the correctness of a recital, contained in
the petition for license to sell, relating to the proportionate ownership
of the proceeds.

It was not a breach of trust for the trustee to compromise a claim made
against him, even without a decree of court, if he acted in good faith
and with sound discretion.

A petition in equity by two beneficiaries of a testamentary trust to charge
a third beneficiary as a constructive trustee of money alleged to have
been improperly paid to him by the testamentary trustee, and to com-
pel him to return the payment to the trustee, could not be maintained
where it appeared that the payment was supported by sufficient con-
sideration, and that the respondent and the trustee acted in good faith
and without breach of any fiduciary duty.

Circumstances of a claim by a child under G. L. (Ter. Ed.) c. 191, § 20,
to an intestate portion of his mother's real estate did not require a
finding that it was vexatious or frivolous or asserted in bad faith or
without an honest and reasonable belief in its validity; and its sur-
render was a sufficient consideration to support a compromise pay-
ment to the child by a trustee under the will in possession and claim-
ing ownership of the real estate.

A claimant in negotiating a compromise with trustees, one of whom was his stepmother and the other an experienced attorney, was not guilty of any breach of fiduciary duty to his stepmother by failing to disclose to her matters of fact and of probate record known by the other trustee.

That a contract was entered into by one party by reason of a mistake of fact on his part did not warrant rescission of the contract nor impose a constructive trust upon property received under it by the other party where it did not appear that the other party contributed to or knew of such mistake or was himself mistaken.

PETITION IN EQUITY, filed in the Probate Court for the county of Norfolk on February 19, 1935.

The petition was heard by *McCoole*, J., who found facts and reserved and reported the case to this court.

*A. W. Blakemore*, for the petitioners.

*R. B. Heavens*, for the respondent Bradford Jones.

FIELD, J. This is a petition in equity brought in the Probate Court. The petitioners are Janet H. Jones and Margery Jones, respectively widow and daughter of Everett Jones, deceased, beneficiaries of a trust created by the will of said Everett Jones. The respondents are Bradford Jones — son of Everett Jones by a marriage prior to his marriage to Janet H. Jones — also a beneficiary of said trust, and the trustees of said trust — the petitioner Janet H. Jones, and Frank H. Winter — appointed under said will by the Probate Court. The petition alleges an improper payment to the respondent Bradford Jones of property of the trust by the trustees thereof, said Janet H. Jones and Louis E. Flye, now deceased — who was succeeded in the trust by the respondent Frank H. Winter — and contains prayers for specific relief in various forms and a prayer for general relief. The respondent trustees filed answers. The respondent Bradford Jones demurred to the petition on the grounds that "if the payment alleged was made the trustees must account for it in their accounts and this court has no jurisdiction in equity to entertain matters involving items of probate accounts until the accounts have been allowed," that the "propriety of the payment from the estate as alleged is a matter to be settled on the accounts," and that the "plaintiffs have full, complete and adequate remedy

through adjudication of the probate accounts." This respondent, also, without waiving his demurrer, filed an answer. The demurrer was overruled. No appeal was taken from the order overruling the demurrer. The probate judge then made findings of fact and reserved and reported "all questions of law therein for consideration of the full court." G. L. (Ter. Ed.) c. 215, § 13. The pleadings and the findings of fact are made a part of the report.

The findings of fact include the following: Elizabeth C. Lowe was the owner of a certain parcel of land at 1658 Beacon Street, Brookline. She married Everett Jones on June 1, 1900. Thereafter she bought with her own money a parcel of land at 1664 Beacon Street, Brookline. Her husband, with his own money, built a house on each of these parcels. Mrs. Jones died in 1908. By her will, dated July 12, 1902, which was duly allowed, she gave all her property to her husband. Their only child, the respondent Bradford Jones, was born March 5, 1904. On November 7, 1911, Everett Jones married the petitioner Janet H. Jones. They had one child, the petitioner Margery Jones, born December 7, 1912. Everett Jones died April 25, 1919. By his will, after giving certain legacies, he gave the residue of his property, with a power of sale, to trustees therein named to pay the income thereof in equal shares to his wife and two children with further provisions for payment of income if his wife should remarry, and provisions for distribution of the principal. See *Flye* v. *Jones*, 283 Mass. 136. The executors of this will and subsequently the trustees thereunder inventoried both parcels of real estate above described as the property in fee of the testator.

A claim was made upon the trustees in behalf of the respondent Bradford Jones "that he was entitled to an intestate portion of said real estate left by his mother." Following negotiations with the trustees "an agreement was entered into which was never put in writing but was evidenced by two deeds which were executed" by Bradford Jones. By one of these deeds dated August 27, 1925, he purported to convey to the trustees all his right, title and interest in the real estate at 1664 Beacon Street. By the

other deed, of the same date, he purported to convey to the trustees his "two undivided third parts" of the real estate numbered 1658 Beacon Street, upon trust, however, that "the Trustees and their successors will not sell the said property without at first obtaining in writing the consent of the said Bradford Jones, or his heirs, executors, or assigns," and that "when the above described property is sold, the net proceeds of the two undivided third parts . . . shall be paid to the said Bradford Jones, or his heirs, executors, administrators, or assigns." The Probate Court granted a license to sell the real estate on November 3, 1930, and on the sale thereof the trustees paid the respondent Bradford Jones "the sum of $15,384 less loans and charges then standing against him, this sum being reckoned as two-thirds interest in the sale price of 1658 Beacon Street."

The respondent Bradford Jones "is not of financial ability to repay the amount paid him out of the proceeds of the sale of the Beacon Street property." Items representing the payment of $15,384 by the trustees to the respondent Bradford Jones were included in an account filed in the Probate Court and a hearing has been had on this and other accounts of the trustees, but it does not appear that they have been allowed. The probate judge states in his finding of facts: "An adjudication of said accounts as they stand would not entitle these petitioners to an order ordering Bradford Jones to refund to the trust fund the aforesaid $15,384."

The petition contains prayers that "the indebtedness of this respondent Bradford Jones to the said trustees . . . in the sum of $15,384 and interest thereon be determined and adjudicated," that the respondent trustees "be ordered to charge the amount claimed above against said Bradford Jones against the income of and principal of said estate of Everett Jones otherwise payable to Bradford Jones up to the amount which may be found to be due," and that these trustees "be ordered to reach and apply the interest of Bradford Jones under the estate of Everett Jones to the full payment of said sum of $15,384 and interest."

No argument or brief is presented in behalf of the re-

spondent trustees. The respondent Bradford Jones . (hereinafter referred to as the respondent) contends that the petition cannot be maintained and, more specifically, that the Probate Court had no jurisdiction thereof. The petitioners argue that the contention that the Probate Court was without jurisdiction is not open on this report, but that if open it is without merit and that, on the facts found, they are entitled to relief.

First. The question of jurisdiction is open for consideration.

The point can be raised at any stage of the proceedings, even in this court, though not brought here by appeal from the interlocutory order overruling the demurrer or specifically reported. *Morse* v. *O'Hara*, 247 Mass. 183, 185. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 498. The interlocutory order, though not appealed from, is not binding on this court, as the law of the case, on the matter of jurisdiction. The respondent by failing to appeal did not, because he could not, waive this question so as to confer jurisdiction of the case on the Probate Court if not vested therein by law. *Fourth National Bank of Boston* v. *Mead*, 214 Mass. 549, 551. *Eaton* v. *Eaton*, 233 Mass. 351, 364. *Morse* v. *O'Hara*, 247 Mass. 183. And the doctrine of *res judicata* is not applicable to an interlocutory decision. *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242, 248. So far, however, as the defence set up by the demurrer was that the petitioners had an adequate remedy at law it was waived by the respondent by his going to trial on the merits and not appealing from the order overruling such demurrer. This defence not only must be seasonably set up but also must be constantly insisted upon. See *DeVeer* v. *Pierson*, 222 Mass. 167, 174; *Reynolds* v. *Grow*, 265 Mass. 578, 580–581. See also *Bauer* v. *International Waste Co.* 201 Mass. 197, 200–201; *Allen* v. *Hunt*, 213 Mass. 276, 279. The trustees also have at no time set up this defence, and must be regarded as having waived it. The question of adequacy of legal remedy is not specifically reported and, in the circumstances described, is not one of the "questions of law" involved in the "find-

ings of fact" which are reported. The case of *Harrell* v.
*Sonnabend*, 191 Mass. 310, 311, is distinguishable by reason
of the different nature of the defence there involved, if not
on other grounds.

Second. The Probate Court had jurisdiction of the peti-
tion.

Under G. L. (Ter. Ed.) c. 215, § 6, probate courts "have
jurisdiction in equity, concurrent with the supreme judicial
and superior courts, of all cases and matters relative to the
administration of the estates of deceased persons, to wills
. . . to trusts created by will or other written instrument
and . . . to trusts created by parol or constructive or
resulting trusts." The jurisdiction conferred on probate
courts by this statute, however, is limited to "jurisdiction
within the scope of general equity jurisprudence as to the
cases and matters therein named." *Abbott* v. *Gaskins*, 181
Mass. 501, 505. It does not extend to suits to reach and
apply, though in relation to proceedings which are within
the jurisdiction of probate courts on independent grounds
such courts have "all the powers which the supreme judicial
and superior courts have in relation to bills to reach and
apply." G. L. (Ter. Ed.) c. 215, § 6A. *Geen* v. *Old Colony
Trust Co.* 294 Mass. 601, 602–603.

This petition is within the scope of general equity juris-
diction. Relief is sought on the ground that the real estate
in Brookline was held in trust under the will of Everett Jones,
that the payment by the trustees of such trust to the re-
spondent of $15,384 was an unauthorized payment to him
of a part of the proceeds of the sale of such real estate, and
that such proceeds were received by the respondent under
such circumstances that they were held by him upon a con-
structive trust for the trustees. A proceeding by trustees of a
testamentary trust to enforce such a constructive trust
clearly is within the scope of general equity jurisdiction.
"One who receives with notice money of a trust in breach
of the trust, becomes himself a trustee and liable to account
as such." *Donnelly* v. *Alden*, 229 Mass. 109, 112. *Tingley*
v. *North Middlesex Savings Bank*, 266 Mass. 337, 340. See
also *Malden Trust Co.* v. *Brooks*, 276 Mass. 464. And if

money so received is not traceable into specific property alternative relief by compensation for wrongful use of the money is within such jurisdiction. *Otis* v. *Otis,* 167 Mass. 245. *Sargent* v. *Wood,* 196 Mass. 1, 5–6. *Locke* v. *Old Colony Trust Co.* 289 Mass. 245, 253. The beneficiaries of a testamentary trust are also proper parties to bring such a proceeding — the trustees of the trust being made parties respondent — for the preservation of the trust fund, even though the final accounting by the trustees must be had in the Probate Court on its probate side. *Holmes* v. *Holmes,* 194 Mass. 552, 556. See also *Rhines* v. *Wentworth,* 209 Mass. 585, 589; *Donnelly* v. *Alden,* 229 Mass. 109; Am. Law Inst. Restatement: Trusts, § 294. Compare G. L. (Ter. Ed.) c. 230, § 5, as amended by St. 1934, c. 116. If the grounds on which relief is sought by the petitioners are established the respondent owes a duty to them as beneficiaries of the testamentary trust as well as to the trustees thereof. *Malden Trust Co.* v. *Brooks,* 276 Mass. 464, 471–472; *S. C.* 291 Mass. 273, 280. Furthermore, the trustees, though not joined as petitioners, are joined as respondents and are not objecting to the maintenance of the petition by the beneficiaries.

The respondent relies on the principle stated in *Green* v. *Gaskill,* 175 Mass. 265, 269, that "trustees appointed by a Probate Court, as well as guardians, administrators, and executors so appointed, have a right to have their accounts adjusted and the amounts due to or from them as trustees determined in the Probate Court, on its probate side, and in the usual probate proceedings; and that they cannot be compelled first to render their accounts, or made to pay over the fund, by proceedings in equity or at law, save after and in pursuance of such an adjustment and determination on the probate side of the court." See also *Rothwell* v. *Rothwell,* 283 Mass. 563, 571. Compare *Allen* v. *Hunt,* 213 Mass. 276, 279; *Hill* v. *Wiley,* 295 Mass. 396, 402. This principle is inapplicable to the present case. The petitioners do not seek to compel an accounting by the trustees or to make them pay over the trust fund to the petitioners. And the respondent is not a trustee appointed

by the Probate Court or a guardian, executor or administrator so appointed. The controversy is between the representatives of the testamentary trust and the respondent claiming in his own right adversely to such trust and not under it. See *Locke* v. *Old Colony Trust Co.* 289 Mass. 245, 254.

Since the petition is within the scope of general equity jurisdiction it is within the jurisdiction of the Probate Court under G. L. (Ter. Ed.) c. 215, § 6, on the ground that it relates to a trust created by a will (*Malden Trust Co.* v. *Brooks*, 276 Mass. 464, 471), if not also on the ground that it relates to a constructive trust.

Third. On the facts found the petition cannot be maintained.

The facts found show that the payment of $15,384 was made by the trustees to the respondent out of the proceeds of the sale of the real estate in Brookline, and that the respondent knew it. The basis for the payment to the respondent was his claim that, as heir of his mother, he was the owner of an undivided two-thirds interest in such real estate. According to the facts found the respondent's mother left a will dated July 12, 1902, and admitted to probate September 9, 1908, by which she gave all her property to her husband, Everett Jones, but omitted to provide therein for the respondent, her only child, born March 5, 1904. The respondent, therefore, inherited no interest in this real estate from his mother unless, by reason of R. L. c. 135, § 19, he took the share of her estate which he would have taken if she had died intestate, because the omission to provide for him was not "intentional" but was "occasioned by accident or mistake."

The petitioners contend that the respondent did not take any interest in the real estate by reason of the omission of his mother to provide for him by her will, and that the payment by the trustees to him of a part of the proceeds of the sale of such real estate was a breach of trust. The respondent, on the other hand, contends that he took an interest in the real estate by reason of the omission of his mother to provide for him by her will, but that, even if he took no such

interest, the payment by the trustees to him of a part of the proceeds of the sale of the real estate was proper as a settlement of his disputed claim to an interest in such real estate. In the view which we take of the case it is not necessary to decide whether the respondent actually took an interest in the real estate as an omitted child.

The trustees made a settlement with the respondent, whereby the respondent conveyed to them his "right, title and interest" in the parcel of land numbered 1664 Beacon Street and also "two undivided third parts" of the parcel of land numbered 1658 Beacon Street, and the trustees accepted the conveyance of these undivided parts upon trust to sell the property only with the consent of the respondent and upon such a sale to pay to him "the net proceeds of the two undivided third parts, being the portion herein deeded" by him. The payment of money by the trustees to the respondent was made in accordance with the trust so imposed.

1. The settlement was not a "compromise, in the form of an agreement in writing . . . approved by the court" under G. L. (Ter. Ed.) c. 204, § 14. Nor did the Probate Court ever authorize the trustees "to adjust by arbitration or compromise" under G. L. (Ter. Ed.) c. 204, § 13, the respondent's demand against the trust estate or approve the settlement. The decree of the Probate Court licensing the sale of the real estate authorized the trustees merely "to invest and apply the proceeds thereof according to law and said instrument," that is, the will of Everett Jones. This decree cannot be interpreted as an authorization of the settlement by reason of the allegation in the petition on which it was based that the "only persons known to the petitioner who are or may become interested" in the real estate are "Janet H. Jones . . . one-third beneficial interest Margery Jones . . . one-third beneficial interest Bradford Jones . . . one-third beneficial interest in all and two-thirds in 1658 Beacon Street." The petitioners make no contention that the trustees were not authorized to sell the real estate by the will (see *Nugent* v. *Cloon*, 117 Mass. 219), if not by the decree, or that the sale actually made was improper. But, in any event, the propriety of the pay-

ment of proceeds of such sale to the respondent was not adjudicated by the decree.

2. The trustees, however, had power, without a decree of court, to compromise a disputed claim made by the respondent against the trust estate, subject to being required to account for money paid to the respondent in pursuance of such compromise and to the risk of liability therefor to the beneficiaries of such estate — if they had not agreed to the compromise, see *Ellis* v. *Hunt*, 228 Mass. 39, 44 — unless the payment was made in good faith and in the exercise of a sound discretion. *Blake* v. *Ward*, 137 Mass. 94, 95–96. *Thayer* v. *Kinsey*, 162 Mass. 232, 235. *Cook* v. *Richardson*, 178 Mass. 125, 130. *Ashley* v. *Winkley*, 209 Mass. 509, 527. *Forbes* v. *Allen*, 240 Mass. 363, 366. *Malden Trust Co.* v. *Brooks*, 291 Mass. 273, 283, 290. *Welch* v. *Flory*, 294 Mass. 138, 141. But the respondent — at least unless the compromise was set aside — would not be chargeable as a constructive trustee of the money received by him under the compromise if it was supported by a sufficient consideration and the respondent had no notice of a breach of trust by the trustees and was not himself guilty of a breach of fiduciary duty. See *Malden Trust Co.* v. *Brooks*, 291 Mass. 273, 286, 290. Though on a suit for an accounting by express trustees, as on a probate accounting by testamentary trustees, the trustees have the burden of establishing the propriety of payments made by them (*Ashley* v. *Winkley*, 209 Mass. 509, 525; *Ball* v. *Hopkins*, 268 Mass. 260, 266), in this proceeding to charge the respondent as a constructive trustee the burden of proof rested on the petitioners in accordance with the ordinary rule. *Smith* v. *Smith*, 222 Mass. 102, 106–107. See *Malden Trust Co.* v. *Brooks*, 291 Mass. 273, 285.

3. The facts found do not show that the compromise was without consideration. The respondent claimed a two-thirds interest in the real estate, but his claim thereto was disputed by the trustees. This real estate had been inventoried as a part of the trust estate and the respondent, through an attorney, pressed his claim "to an intestate portion" thereof, that is, a two-thirds interest therein. So

far as this claim related to the parcel of real estate numbered 1664 Beacon Street the respondent did not merely cease to assert his claim but, as a part of a compromise, surrendered it to the trustees by giving to them a deed of his "right, title and interest" in the premises. See *Kerr* v. *Lucas,* 1 Allen, 279. Such a surrender was a sufficient consideration for the compromise if the respondent's claim was made in good faith and was not vexatious or frivolous, measured by the state of his knowledge at the time of the transaction and not by the state of the law as ultimately determined. *Blount* v. *Wheeler,* 199 Mass. 330, 336–337. See *Prout* v. *Fire District in Pittsfield,* 154 Mass. 450, 453. It was not essential that the respondent's claim be valid or even that he have a reasonable belief that he would succeed in establishing it (see *Mackin* v. *Dwyer,* 205 Mass. 472, 475) if he had an honest and reasonable belief in its possible validity. *Martiniello* v. *Robitaille,* 293 Mass. 200, 205. Am. Law Inst. Restatement: Contracts, § 76 (b).

The respondent's claim was not, so far as appears, of such a character that he could not have had an honest and reasonable belief in its possible validity. Within the meaning of R. L. c. 135, § 19, the respondent was a child of the testatrix for whom she omitted to provide in her will, and was entitled to take the share of her estate which he would have taken if she had died intestate unless it appeared affirmatively that the omission was intentional. *Ramsdill* v. *Wentworth,* 106 Mass. 320. *Goff* v. *Britton,* 182 Mass. 293, 296. *Draper* v. *Draper,* 267 Mass. 528, 531. This "may appear from any language of the will which states or implies it; or if there is no such language in the will, it may be proved by any appropriate evidence." *Ramsdill* v. *Wentworth,* 106 Mass. 320, 321.

These facts were found: The will was dated about one year and eight months before the respondent was born, and his mother died — on July 28, 1908 — about four years and four months after his birth. . "Underneath the signature on this will on the last page was written in . . . [the testatrix's] handwriting the following: 'Codicil No. 1. I hereby wish to will and. bequeath to my son Bradford Jones, all

money now held in trust coming to me. Elisabeth C. L. Jones July 19, 1907.' This writing was not attested and was not admitted to probate as a part of her will." (Sometime before the date of this writing the testatrix had become entitled on the death of her mother to share in the distribution of the principal of a trust fund set up by her father.) The testatrix "was an exceptionally intelligent, well educated woman who worshipped her husband and son and trusted her husband implicitly in all matters."

No case has been decided in this jurisdiction on these precise facts, though there are several cases involving the question whether there was an intention to omit any provision for a child born after the date of the will. It is more difficult to prove such an intention with regard to an after-born child than with regard to a child living when the will was executed. See *Lorings* v. *Marsh*, 6 Wall. 337, 352–353. In *Peters* v. *Siders*, 126 Mass. 135, it was held that the evidence warranted a finding that the omission was intentional. In that case, however, the child was born within about a month after his mother's will was executed and the court said that the "judge might well find that the fact that the testatrix was so soon to be delivered of her first child must have been in her mind when the will was made, and could not have been forgotten." See also *Buckley* v. *Gerard*, 123 Mass. 8; *Minot, petitioner*, 164 Mass. 38. On the other hand, in *Bancroft* v. *Ives*, 3 Gray, 367, the evidence was held insufficient to warrant a finding that the omission to provide for an after-born child was intentional. Compare *Bowen* v. *Hoxie*, 137 Mass. 527. It is settled, moreover, in this jurisdiction — at least since *Hurley* v. *O'Sullivan*, 137 Mass. 86, decided long before the compromise was made — that the provision of the statute applicable to omission by "accident or mistake" was not intended to state a contingency different from the contingency that the omission was not intentional, and that the words "are not to be construed as meaning such mistakes or accidents as would or might have caused the testator to entertain a different intention from that which omission from the will would show, but mistake or accident in the expression of the will or in its transcrip-

tion." Page 89. In other words, "if the omission of a child is intentional" it is immaterial "that the testator would not have entertained that intention but by reason of mistake or accident as to matters outside the will." Page 90. See also *Draper* v. *Draper*, 267 Mass. 528. It has not been held, however, that a failure of a testator to recognize the possibility or likelihood that a child would be born after the execution of a will was an "accident or mistake" as to an extrinsic fact within this principle.

There is nothing in the will to show that the omission to provide thereby for the respondent was intentional apart from the fact of the omission and the fact that all the property of the testatrix was given to her husband. Compare *Prentiss* v. *Prentiss*, 11 Allen, 47; *Minot, petitioner*, 164 Mass. 38. The petitioners, however, rely on the testatrix's confidence in her husband as showing that, even as of the date of the will, she intentionally omitted to make any provision thereby for children who might be born to her (see *Buckley* v. *Gerard*, 123 Mass. 8), but they contend particularly that her intention is to be ascertained as of the date of her death, and they rely on her confidence in her husband, her devotion to her son, the respondent, and the unexecuted writing on the last page of her will as showing that she then had her son in mind and expected her husband to provide for him and, consequently, that she intentionally omitted to make provision for him by her will. The petitioners suggest that there was no "mistake" on the part of the testatrix in not formally executing the writing on the last page of her will but that very likely after writing the language she was advised that such a "Codicil" was unnecessary and that the respondent would inherit the remainder in the trust under the will of the testatrix's father even if this writing was not executed. The respondent, on the other hand, contends that the intention of the testatrix is to be ascertained as of the date of her will (see *Lorings* v. *Marsh*, 6 Wall. 337, 352–353; see also *Bancroft* v. *Ives*, 3 Gray, 367, 371) when, so far as appears, she did not anticipate the birth of a child, that the facts show no intention on her part at that time to omit to provide for a child who

might later be born to her, and that if the unexecuted writing on her will has any bearing on her intention at that time it tends to show that the omission to provide by her will for an after-born child was not intentional, and that she was then seeking to correct the unintentional omission previously made. The respondent contends further that if the testatrix's intention is to be ascertained as of the date of her death her failure to execute the writing on the last page of her will was a mistake in "transcription," bringing the case within the statutory provision applicable to omission by "accident or mistake." There is, however, nothing in the facts found to explain the failure of the testatrix formally to execute the writing or to show that she ever intended to execute it as a testamentary instrument.

Without further discussion of the soundness and relative weight of the arguments of the contending parties as to the validity of the respondent's claim to inherit an interest in the real estate of his mother as a child for whom no provision was made by her will, it is enough to say that it is not shown that this claim, measured by the state of the respondent's knowledge when he entered into the compromise, was vexatious or frivolous or that he could not have had an honest and reasonable belief in its possible validity. Furthermore, the facts found do not show that the respondent did not actually have such a belief or that he did not assert his claim in good faith.

4. The facts found do not show that the respondent had notice of any breach of trust by the trustees in entering into the compromise. See Am. Law Inst. Restatement: Trusts, §§ 296, 297. The respondent had notice of the existence of the trust and notice that the money received by him came from the proceeds of the sale of real estate which, apart from his claim to an interest therein, was held by the trustees under the trust. He also was charged with notice of the legal effect of the trust. *Hines* v. *Levers & Sargent Co.* 226 Mass. 214, 217. *Donnelly* v. *Alden,* 229 Mass. 109, 113. But, as already indicated, the compromise was not a breach of trust by the trustees if they entered into it in good faith and in the exercise of a sound discretion. The precise effect

of the compromise measured in money does not appear, since neither the value of the real estate as a whole nor the value of the separate parcels is found. But it would seem from the similarity of the parcels that substantially an even division of the disputed property was intended. The facts found do not show that the respondent knew or ought to have known of any bad faith on the part of the trustees. Nor can it be said that he knew or had reason to know that the compromise was improvident on their part. See Am. Law Inst. Restatement: Trusts, § 297. It does not appear that the consideration given by the respondent for the compromise, in the light of the knowledge which he had or should have had with regard to the validity of his claim, was grossly inadequate. See *Thomas* v. *Beals*, 154 Mass. 51, 54. *Malden Trust Co.* v. *Brooks*, 291 Mass. 273, 286–287, and cases cited.

5. The facts found do not show that the respondent in entering into the compromise was guilty of a breach of any fiduciary duty to the trustees. One of the trustees was his stepmother by whom, since her marriage to his father, the respondent "was always treated . . . as her own child," and from whom he had "received during his minority a mother's loving care." But the other trustee, who "took full charge of all the probate matters" was "an experienced member of the bar of the highest reputation." His co-trustee "followed his advice in everything and let . . . [him] make all decisions as to what should be done." Though she "understood from her husband" that the respondent's mother's "will was not allowed and that was the basis of all the decisions she afterwards made in regard to payments" to the respondent, there is nothing in the facts to indicate that the active trustee did not have as complete knowledge of facts essential to an understanding of the nature and effect of the compromise as the respondent, or that the respondent's stepmother did not have such knowledge except as to the allowance of the will. The respondent, however, might reasonably have assumed that matters of probate record of which he was charged with knowledge would also be known to his stepmother (see *Donnelly* v.

*Alden*, 229 Mass. 109, 111–112), particularly since, as the respondent apparently knew, she was acting under the advice of the active trustee, an experienced attorney. In these circumstances, even if a relation of trust and confidence may have existed between the respondent and his stepmother, there was no breach by him of a duty to disclose material facts. See *Malden Trust Co.* v. *Brooks*, 291 Mass. 273, 285.

6. Even if facts warranting rescission of the compromise would be sufficient to charge the respondent as a constructive trustee of the money received by him in pursuance thereof, the petition cannot be maintained on this ground. See Am. Law Inst. Restatement: Contracts, § 507. No fraud or misrepresentation on the part of the respondent is shown. The petitioners, however, rely on the mistake of the respondent's stepmother — who was one of the trustees who made the compromise — as to the allowance of the will of the respondent's own mother. The effect on the right of rescission of the·fact that this mistake was not shared by the other trustee need not be considered. So far as appears there was no mistake on the part of the respondent and he did not contribute to or even know of the mistake of his stepmother with respect to the allowance of the will. This matter, moreover, was "equally open for the inquiry and judgment of both parties." *Alton* v. *First National Bank of Webster*, 157 Mass. 341, 344. The facts found, therefore, would not warrant rescission on the ground of mistake. *Corbett* v. *Craven*, 196 Mass. 319, 321. *Boyden* v. *Hill*, 198 Mass. 477, 483–484. *John J. Bowes Co.* v. *Milton*, 255 Mass. 228, 233–234. Am. Law Inst. Restatement: Contracts, §§ 502–504, 507, 510.

Since what has been said disposes of the case, other contentions of the parties need not be discussed. The petition must be dismissed. But since an accounting by the trustees cannot be obtained in this proceeding, the decree is to be without prejudice to the rights of the petitioners and of the trustees to an accounting on the probate side of the court. No costs.

*Ordered accordingly.*